## KARN v KARN

Ohio Appeals, 2nd Dist, Franklin Co

No 2749. Decided Oct 5, 1937

502

Coughlin, Ogier & Lloyd, Columbus, for appellee.

Graham, Ley & Schneider, Columbus, for appellant.

## OPINION

### By THE COURT

The above entitled cause is now being determined on appeal on question of law from the judgment of the Court of Common Pleas (Domestic Relations) of Franklin County, Ohio.

On May 10th, 1935, Mrs. Karn filed a petition for divorce, alimony, custody of minor children and support, against her husband, William Karn. The parties had been separated and not living together since August of the preceding year. They were married about July, 1915, and four children have been born to said marriage, three boys and one girl. The names and ages of the children are as follows:

William Victor, 19; Virginia Anne, 17; Jack Robert, 13; Richard Lloyd, 10.

At the time of the marriage, Helen I. Karn, whose maiden name was Bailey, was fifteen years of age and pregnant. Her pregnancy was known to Karn, and he also knew that she claimed that he was responsible for her condition. The oldest son was born in six months following the marriage.

After the separation of the parties the oldest and youngest sons went with the mother. The daughter and other son remained with the father. During the trial it was stipulated in the record that the children, being of the age where they had the privilege of selecting the parent with whom they desired to live, had made their choices as above indicated.

The defendant, William Karn, filed an answer and cross-petition and afterwards an amended answer and cross-petition. The answer made certain admissions and denied all allegations of improper conduct. The cross-petition charged gross neglect of duty and extreme cruelty against the wife. In the main the complaint in the cross-petition designated inattention to house-hold duties, extravagance, wastefulness, going out almost nightly to public places of amusement, such as skating rinks, dance halls and picture shows, unaccompanied by any member of the family, returning home very generally after midnight and sometimes as late as four o'clock in the morning. The cross-petition also charged the plaintiff with being in frequent company with young men, the names of whom were at that time unknown.

The trial court denied plaintiff's petition for divorce and awarded defendant a divorce on the cross-petition. Custody of the children was awarded to the parents as per their choice. An allowance of five dollars per week was given to the plaintiff for support of the two children who remained in her custody. The trial court then, following the provisions of §11993, GC, decreed a division of the property. The first paragraph of this section reads as follows:

"When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property or both as it deems best."

The court adopted a very acceptable method of determining the total net worth of the defendant, William Karn. The arrangement was made by which the plaintiff appointed one appraiser, the defendant, one appraiser, and the court the third. They appraised the property and returned the value at $15,240.00. Upon this basis the court made a division of the property, 65% to the husband and 35% to the wife. Reduced to a specific amount the same was $5334.15 to the wife. The defendant gave notice of appeal on question of law. The error complained of is that the amount allowed by the trial court to the plaintiff under the order of division of the property was excessive. Counsel for the plaintiff in their brief suggest that the appeal on questions of law was improper. We have no difficulty in determining that the defendant adopted the proper form of appeal. It may properly be said that an appeal on question of law may always be taken, while appeal on questions of law and fact are only allowed where the action is one in chancery. §12223-1, GC, defines the different forms of appeal.

So the only question with which we are confronted is whether or not we will molest the judgment and finding of the trial court allowing the wife 35% of the total appraised property in the name of the defendant.

Interest in certain real estate inherited by plaintiff was not included in the appraisement. Counsel for appellant also contend that the trial court failed to take into consideration assets of the husband accumulated before marriage, of the total value of $4000.00. This question was specifically raised when the court was rendering his oral opinion as disclosed from page 395 of the record. It is there stated by the trial court that he had considered the claim relative to the $4000.00, but that the evidence relative thereto was so indefinite and uncertain, particularly as to what became of it, that he was unable to isolate it from the other assets. He makes comment on it, however, and thereafter follows with the oral statement that the division should be 60% to the husband and 40% to the wife. This amount for some reason, not stated, was changed to 65% to the husband and 35% to the wife.

This being an error proceeding we are not privileged to consider the cause de novo. Under the law every presumption favors the finding and judgment of the trial court and the same may only be set aside or modified if, considering the record as a whole, it would be unconscionable for the judgment to stand. It is only natural that after a careful reading of the record we would have a mental reaction as to what we might have done had we been hearing the case as a Common Pleas Court. It is quite possible that each of us would have arrived at a different amount, and it is not unlikely that the amount would be different from the finding of the trial court. However, we may not apply this test in determining whether or not the judgment will be modified. A reviewing court can only modify a judgment after determining that a reasonable mind, after considering all the facts and circumstances, could not have arrived at such a conclusion. It must be noted further that we had before us only the cold type, whereas the trial court had the advantage of seeing and hearing not only the parties, but every witness that testified in the case.

We have the advantage of the oral opinion of the trial court, the same having been transcribed and is a part of the bill of exceptions. The opinion discloses a review of the salient point of the testimony and a word picture of the plaintiff and the defendant. This discloses an unimpassioned narrative. It is absolutely void of any evidence of passion or prejudice for one over the other, or preconceived notions of favoritism. In short, the opinion bears every evidence of a careful consideration of all the factual questions and a desire and effort to do justice between the parties. An action of this character differs materially from the ordinary civil action where there is some yardstick or standard required by precedent or positive law to be followed. In the instant case it required the exercise of a sound judgment. There were no other standards to control.

It is quite true that we do examine the judicial precedents presented through the decisions of courts in analogous cases. However, there is always a variance in the facts. Furthermore, it can not be said that even under similar facts the judgment of another court would be binding in this case for the reason that in each instance the court trying the case is clothed under the law with exercising his judicial judgment.

Considering the record as a whole we are unable to conclude that we should disturb the finding and judgment of the trial court.

Therefore, the appeal will be dismissed at appellant's costs.

The cause will be remanded for further proceedings according to law.

BARNES, PJ. HORNBECK and GEIGER, JJ, concur.